1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    SHAWN KEVIN FROST, SR.,                No. 2:13-CV-1325-WBS-CMK-P

12                    Petitioner,

13           vs.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14    G.D. LEWIS,

15                    Respondent.

16    _____/

17           Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion

19    (Doc. 15) to:  construe the instant petition as a motion for leave to amend a prior petition, now

20    closed, challenging the same conviction; deny leave to amend; and close the instant action.

21

22                        **I.  PROCEDURAL BACKGROUND**

23           Prior to filing the instant action, petitioner filed a petition for writ of habeas

24    corpus in this court on September 26, 2012, challenging the same state court conviction.  <u>See</u>

25    <u>frost v. Lewis</u>, E. Dist. Cal. Case No. 2:12-CV-2461-KJM-CKD-P.  On March 13, 2013, the

26    Magistrate Judge assigned to the prior action recommended that the case be dismissed as

1

untimely.  The findings and recommendations were adopted in full on June 28, 2013, and final judgment closing the prior action was entered that same day.  Petitioner did not appeal the dismissal of the prior action.

The instant action, challenging the same state court conviction, was filed on June 4, 2013 – after the findings and recommendations in the prior action were issued, but before they were adopted.  Because petitioner did not indicate the pending prior action when the instant action was filed, a new case was opened, and the court was unaware of the disposition of the prior action when it directed respondent to file a response to the instant action on July 29, 2013.

## II.  DISCUSSION

When a new pro se habeas petition is filed before the adjudication of a prior habeas petition challenging the same conviction is complete, the new petition should be construed as a motion to amend the prior pending petition rather than as a successive petition.  See Woods v. Carey, 525 F.3d 886 (9th Cir. 2008).  Here, however, this precise procedure cannot be followed because the prior action is now closed.  The court faced the same procedural problem in applying Woods in Johnson v. Walker, 2010 WL 424395 (E.D. Cal. 2010).  There, the court concluded that the prior action could not be amended pursuant to Woods because it had been closed.  Nonetheless, the court applied Woods and construed the newer petition as a motion for leave to amend the prior petition.  The court then determined that amendment would be futile, denied the motion for leave to amend the prior action, and closed the newer action.[1]  The court agrees with respondent that the procedure developed in Johnson should be applied here.

/ / /

/ / /

/ / /

---

[1]     The Ninth Circuit denied a request for a certificate of appealability as to this disposition of the newer action.

Construing the instant petition as a motion for leave to amend the prior action, the court finds that leave to amend should be denied.  The court agrees with respondent that amendment would be futile because all of the claims raised in the instant petition relate to restitution and, as such, are not cognizable because they do not implicate petitioner's custody. See Bailey v. Hill, 599 F.3d 976 (9th Cir. 2010).

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Respondent's motion (Doc. 15) to construe the instant petition as a motion for leave to amend the petition in case no. 2:12-CV-2461-KJM-CKD-P be granted;

2.      Leave to amend be denied as futile; and

3.      This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 15, 2014

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE